UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OMAR RIVERA,

        Plaintiff,

    v.

T. ZEWART, et al.,

        Defendants.

Case No. 16-cv-04489-MEJ

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

### INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

### ANALYSIS

**A.      Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

United States District Court
Northern District of California

1  grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

3  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4  do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."

5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6  proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

7      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

8  right secured by the Constitution or laws of the United States was violated; and (2) that the

9  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

10  42, 48 (1988).

11  **B.    Legal Claims**

12      Plaintiff alleges that Defendants provided "negligent care and medical treatment" for

13  Plaintiff's knee which resulted in Plaintiff becoming disabled and has caused him to suffer chronic

14  pain which Defendants have not treated.  Docket No. 1 at 9.  Plaintiff alleges that had he been

15  provided "reasonably competent" medical care, his knee would have made a full recovery.  Docket

16  No. 1 at 9.

17      Plaintiff makes the following specific allegations about his medical care.  On July 8, 2011,

18  Dr. Thomas Zewart performed an artroscopic meniscectomy on Plaintiff's right medial meniscus.

19  Docket No. 1 at 10.  The meniscectomy failed because Dr. Zewart did not perform the surgery "at

20  the prevailing medical standards" and because Dr. Zewart faced "economic restrictions that

21  motivated [un]intentional sub-par medical services to Plaintiff because of Plaintiffs

22  (disinfranchisment) (Alienge) being an incarcerated person."  *Id.*  The failed meniscectomy

23  resulted in Plaintiff suffering an irregular walk and chronic pain.  *Id.* at 11.  That same day,

24  Defendants failed to disclose to Plaintiff that some of the defendants involved in Plaintiff's

25  healthcare were not licensed to practice medicine, had had their license suspended, or had been the

26  subject of disciplinary action by a state licensing board.  *Id.* at 11–12.  Defendants' failure to

27  disclose this information voided Plaintiff's consent to the meniscectomy, and constituted a battery

28  upon his person.  *Id.*

United States District Court
Northern District of California

2

United States District Court
Northern District of California

On February 4, 2015, Dr. Marshall Lewis performed a second artroscopic meniscectomy on Plaintiff's right medial meniscus.  Docket No. 1 at 13.  This surgery also failed, for the same reasons Dr. Zewart's surgery failed, i.e. the surgery was not performed "at the prevailing medical standards" and Dr. Lewis faced "economic restrictions that motivated [un]intentional sub-par medical services to Plaintiff because of Plaintiffs (disinfranchisment) (Alienge) being an incarcerated person."  *Id.* at 13.

On May 20, 2015, SVSP primary health care provider Dr. F. Tuvera failed to provide Plaintiff adequate medical care and proper pain management.  Docket No. 1 at 6.  On November 4, 2015, Deputy Director of Policy and Risk Management J. Lewis denied Plaintiff adequate healthcare and pain management.  *Id.*

Plaintiff makes the following additional allegations.  Defendants negligently maintained their services, activities, personnel and equipment in a manner that caused Plaintiff injury.  Docket No. 1 at 9.  Defendants negligently and carelessly failed to properly ensure that their medical staff was properly licensed, qualified, and otherwise competent to provide medical services.  *Ibid.*  "[E]conomic restrictions [] motivated [un]intentional sub-par medical services re, post, and recovery medical service" provided to him.  *Id.* at 11 and 13.  Defendants fraudulently represented themselves to the public at large as "fully licensed and credentialed Healthcare Providers who are legally authorized to provide the healthcare services which they provide."  *Id.* at 14.  Defendants provided him with healthcare which fell below the standard of care and caused him to become physically disabled.  *Id.* at 14.

Plaintiff has named the following individuals as defendants: Steven Kernan; J. Solis; Dr. Zewart; Dr. M. Lewis; Dr. F. Tuvera; SVSP Chief Physician and Surgeon Dr. L. Gamboa, for denying grievance HC-15-053292; SVSP Chief Medical Executive K. Kumar, for denying grievance HC-15-053292; Deputy Director of Policy and Risk Management J. Lewis; SVSP Warden RTC Grounds because he knew or should have known of the systemic health care crisis at SVSP; SVSP Warden W. L. Muniz because he knew or should have known of the systemic health care crisis at SVSP; CDCR Secretary J. A. Beard because he knew or should have known of the systemic health care crisis at SVSP; SVSP Healthcare Provider C. Bourne for failing to provide

1    adequate medical care and proper pain management; SVSP Healthcare Provider C. Lott for failing

2    to provide adequate medical care and proper pain management; SVSP Healthcare Provider Law

3    San Fu for failing to provide adequate medical care and proper pain management; and SVSP

4    osteopath Dr. Birdsong for "perform[ing] duties on Plaintiff that fell below the standard of care of

5    his respective medical board and was not legally authorized to conduct."

6         Plaintiff alleges that Defendants violated his rights under the First, Sixth, Eighth,

7    Fourteenth Amendment of the federal constitution; that Defendants conspired to violate his civil

8    rights in violation of 42 U.S.C. § 1985(3); that Defendants have violated the California Uniform

9    Commercial Code ("UCC"), Cal. Civ. Proc. §§ 905, 910, Cal. Bus. & Prof. Code §§ 2052, 17200,

10   and Cal. Penal Code § 1170; that Defendants failed to perform his meniscectomy in accordance

11   with the standard of care; that Defendants committed battery by failing to obtain his informed

12   consent prior to his meniscectomy; and that Defendants engaged in fraudulent concealment.

**C.    DISCUSSION**

**1.    Federal Constitutional Claims**

15        The complaint fails to state a cognizable federal claim.  Plaintiff makes the conclusory

16   allegation that Defendants violated his rights under the First, Sixth, Eighth, Fourteenth

17   Amendment of the federal constitution, but he does not specify what federal constitutional rights

18   were violated and what actions caused the alleged constitutional violation.  Regardless, the events

19   described by Plaintiff – failed meniscectomies, inadequate health care, unlicensed medical

20   professionals, and failure to obtain informed consent – do not state claims for violations of either

21   the First Amendment, which protects individuals' rights to free exercise of religion, to free speech,

22   to peacefully assemble, or to petition the government for redress of grievances,[1] or the Sixth

23   Amendment, which guarantees criminal defendants certain rights.[2]  Because Plaintiff's claims are

24   _____

25   [1] The First Amendment provides that "Congress shall make no law respecting an establishment of
     religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the
26   press; or the right of the people peaceably to assemble, and to petition the government for a
     redress of grievances."  U.S. Const. amend. I.
27   [2] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the
     right to a speedy and public trial, by an impartial jury of the State and district wherein the crime
28   shall have been committed, which district shall have been previously ascertained by law, and to be
     informed of the nature and cause of the accusation; to be confronted with the witnesses against

United States District Court
Northern District of California

1    unrelated to free exercise of religion, free speech, peaceful assembly, petitioning the government

2    for redress, or his criminal trial, the Court DISMISSES with prejudice Plaintiff's First Amendment

3    and Sixth Amendment claims.  *See Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996) (dismissal

4    may be ordered with prejudice where amendment would be futile).

5         The Court presumes that Plaintiff's reference to the Fourteenth Amendment claim is

6    merely in support of his Eighth Amendment claim.  *See Estelle v. Gamble*, 429 U.S. 97, 101

7    (1976) (Eighth Amendment applicable to states through Due Process Clause of Fourteenth

8    Amendment).  If Plaintiff seeks to state a Fourteenth Amendment claim that is separate from his

9    Eighth Amendment claim, he must file an amended complaint that specifically states what

10   Fourteenth Amendment right was violated.

11        While the Eighth Amendment's proscription against cruel and unusual punishment

12   prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs,

13   *see Estelle*, 429 U.S. at 104; *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled*

14   *on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997), the

15   complaint fails to state a cognizable Eight Amendment claim for the following reasons.

16        A prison official is deliberately indifferent if she or he knows that a prisoner faces a

17   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

18   it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

19   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

20   he or she "must also draw the inference."  *Id.*  "Prison officials are deliberately indifferent to a

21   prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical

22   treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does

23   not violate a prisoner's Eighth Amendment rights."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.

24   2000) (citation omitted); *see Farmer*, 511 U.S. at 835–36 & n.4 (recognizing that neither

25   negligence nor gross negligence will constitute deliberate indifference).

26        Liberally construing the complaint, Plaintiff's allegation that he required knee surgery

27

28   him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance
     of Counsel for his defence."  U.S. Const. amend. VI.

United States District Court
Northern District of California

states a serious medical need.  However, with respect to Dr. Zewart and Dr. Lewis, Plaintiff's allegations establish that Dr. Zewart and Dr. Lewis provided Plaintiff with medical treatment for his knee, specifically two meniscectomies.  Plaintiff's vague and conclusory allegations regarding the failure of the meniscectomies amount, at most, to negligence, which is insufficient to state an Eighth Amendment claim against either Dr. Zewart or Dr. Lewis.  *Estelle*, 429 U.S. at 106 (negligence in treating medical condition does not state valid Eighth Amendment claim).  Because it appears possible that Plaintiff may be able to correct these deficiencies, the Court DISMISSES the Eighth Amendment claims against Dr. Zewart and Dr. Lewis with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.  *Lopez*, 203 F.3d at 1127–29 (if court determines pleading could be cured by allegation of other facts, *pro se* litigant entitled to opportunity to amend complaint before dismissal of action).

With respect to named defendants SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard, Plaintiff has indicated that he named these individuals as defendants because they hold supervisory roles.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  To state a claim for relief under §1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that (1) each of these supervisory defendants proximately caused the deprivation of rights of which Plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); or (2) each of these supervisory defendants failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which each of the supervisory defendants was responsible, *see id.*; or (4) each of the supervisory defendants knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045.  Plaintiff has not alleged facts that would entitle him to relief against SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard.

United States District Court
Northern District of California

6

1    Accordingly, Plaintiff has failed to state an Eighth Amendment claim against these defendants.

2    Because it appears possible that Plaintiff may be able to correct the identified deficiency, the Court

3    DISMISSES the Eighth Amendment claims against SVSP Warden Grounds, SVSP Warden

4    Muniz, and CDCR Secretary Beard with leave to amend to correct the identified deficiency, if

5    Plaintiff can truthfully do so.

6         Plaintiff has named SVSP Chief Physician and Surgeon Dr. Gamboa and SVSP Chief

7    Medical Executive Kumar as defendants for their roles in denying grievance HC-15-053292.  The

8    prison grievance procedure does not confer any substantive rights upon inmates and actions in

9    reviewing and denying inmate appeals generally cannot serve as a basis for liability under section

10   1983.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  However, where a grievance puts a

11   prison official on notice of an ongoing constitutional violation, the prison official's knowing

12   failure to respond to an inmate's request for help may establish § 1983 liability.  *Cf. Jett v. Penner*,

13   439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a

14   serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

15   The complaint does not specify the contents of grievance HC-15-053292; does not specify when

16   Dr. Gamboa and Chief Medical Executive Kumar reviewed this grievance, i.e. if they learned of

17   Plaintiff's serious medical need while the need was ongoing; or how the denial of the grievance

18   affected Plaintiff's medical care.  In other words, Plaintiff has made no allegations from which the

19   Court can reasonably infer that Dr. Gamboa and Chief Medical Executive Kumar were aware that

20   the treatment Plaintiff was receiving was inappropriate and that Dr. Gamboa and Chief Medical

21   Executive Kumar were deliberately indifferent to Plaintiff's serious medical need by denying

22   grievance HC-15-053292.  Accordingly, Plaintiff has failed to state an Eighth Amendment claim

23   against Dr. Gamboa and Chief Medical Executive Kumar.  Because it appears possible that

24   Plaintiff may be able to correct the identified deficiency, the Court DISMISSES the Eighth

25   Amendment claims against Dr. Gamboa and Chief Medical Executive Kumar with leave to amend

26   to correct the identified deficiency, if Plaintiff can truthfully do so.

27        Plaintiff has named Deputy Director of Policy and Risk Management J. Lewis; Dr. Tuvera;

28   SVSP osteopath Dr. Birdsong; and SVSP Healthcare Providers Bourne, Lott, and Law San Fu as

United States District Court
Northern District of California

defendants.  His only allegation against these defendants is that they failed to provide him adequate healthcare and pain management.  Docket No. 1 at 6–8.  Plaintiff's conclusory allegation is insufficient to raise a right to relief above the speculative level, and therefore fails to state a cognizable Eighth Amendment claim against these defendants.  *See Bell Atlantic Corp.*, 550 U.S. at 555.  Because it appears possible that Plaintiff may be able to correct this deficiency, the Court DISMISSES the Eighth Amendment claim against Deputy Director of Policy and Risk Management J. Lewis; Dr. Tuvera; SVSP osteopath Dr. Birdsong; and SVSP Healthcare Providers Bourne, Lott, Law San Fu with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

Plaintiff has named Steven Kernan and J. Solis as defendants.  However, Plaintiff has not identified any affirmative act, participation in an affirmative act, or failure to perform a legally required act by these defendants that resulted in the deprivation of Plaintiff's constitutional rights.  Accordingly, Plaintiff has failed to state an Eighth Amendment claim against Steven Kernan and J. Solis.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (person "subjects" another to deprivation of constitutional right, within the meaning of § 1983, if he does affirmative act, participates in another's affirmative act, or omits to perform act which he is legally required to do that causes deprivation of which complaint is made).  Because it appears possible that Plaintiff may be able to correct this deficiency, the Court DISMISSES the Eighth Amendment claim against Steven Kernan and J. Solis with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

Liberally construed, Plaintiff's allegation that Defendants failed to ensure that prison medical staff were properly licensed, properly qualified, and competent to provide medical services states a cognizable Eighth Amendment claim against supervisory defendants SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard.  "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care. . . . Access to the medical staff has no meaning if the medical staff is not competent to deal with the prisoners' problems."  *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) *abrogated on other grounds by Sandin v. O'Connor*, 515 U.S. 472 (1995) (citation omitted).

8

United States District Court
Northern District of California

### 2.       42 U.S.C. § 1985(3) Claim

Plaintiff has failed to state a cognizable conspiracy claim under 42 U.S.C. § 1985(3). Section 1985(3) prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law.  A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination, *see Kush v. Rutledge*, 460 U.S. 719, 724–26 (1983), which Plaintiff does not allege.  Because it appears possible that Plaintiff may be able to correct this identified deficiency, the Court DISMISSES Plaintiff's Section 1985(3) claim with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### 3.       State Law Claims

#### a.       California UCC claim

Plaintiff states that he is "seeking redress, review, and damages pursuant to . . . the Uniform Commercial Code."  Docket No. 1 at 1.  The California Uniform Commercial Code governs sales and other commercial transactions.  The events described by Plaintiff – failed meniscectomies, inadequate health care, unlicensed medical professionals, and failure to obtain informed consent – are completely unrelated to sales or commercial transactions.  Because amendment would be futile, the Court DISMISSES Plaintiff's California UCC claim with prejudice.

#### b.       Cal. Civil Proc. §§ 905, 910 claim

Plaintiff states that he is "seeking redress, review, and damages pursuant to the Code of Civil Procedure (CCP), §§ 905 and 910 . . ."  Docket No. 1 at 1.  Sections 905 and 910 have been repealed.  Accordingly, the Court DISMISSES Plaintiff's claims under Cal. Civil Proc. §§ 905, 910 with prejudice.

#### c.       Standard of Care claim

Plaintiff alleges that Defendants provided medical services that deviated from the standard of care.  Docket No. 1 at 10–11 and 13–14.  Liberally construed, Plaintiff is alleging a claim for medical malpractice.  "The elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent

conduct and the injury; and (4) resulting loss or damage." *Johnson v. Superior Court*, 49 Cal.

Rptr. 3d 52, 58 (Cal. Ct. App. 2006).  Plaintiff has stated a cognizable medical malpractice claim

against Dr. Zewart and Dr. Lewis with respect to the alleged failure of the meniscectomies.

However, his conclusory allegation that the remaining defendants have provided medical services

that deviated from the standard of care and denied him adequate medical care and pain

management is insufficient to raise a right to relief above the speculative level.  *See Bell Atlantic*

*Corp.*, 550 U.S. at 555.  Plaintiff therefore fails to state a cognizable medical malpractice claim

against the remaining defendants.  Because it appears possible that Plaintiff may be able to correct

this deficiency, the Court DISMISSES the medical malpractice claim against the remaining

defendants with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do

so.

### d.    Battery claim

Plaintiff alleges that the two knee surgeries constituted battery because Defendants' failure

to provide him with necessary information – that the licenses of certain medical staff had been

suspended or revoked – voided Plaintiff's consent to the surgeries.  Under California law, battery

and lack of informed consent are separate causes of action.  *Saxena v. Goffney*, 71 Cal. Rptr. 3d

469, 475–76 (2008).  "A claim based on lack of informed consent—which sounds in negligence—

arises when the doctor performs a procedure without first adequately disclosing the risks and

alternatives.  In contrast, a battery is an intentional tort that occurs when a doctor performs a

procedure without obtaining any consent."  *Id.*  Because Plaintiff acknowledges that he consented

to the operations, Plaintiff fails to state a claim for battery.  Because amendment would be futile,

the Court DISMISSES Plaintiff's battery claim with prejudice.

### e.    Cal. Bus. & Prof. Code § 2052 claim

Plaintiff alleges that Defendants' "acts and practices" violated section 2052 of the

California Business and Professions Code.  Docket No. 1 at 16.  There is no private right of action

with respect to Section 2052.  Section 2052 provides that any person who practices medicine in

California "without having at the time of so doing a valid, unrevoked, or unsuspended certificate"

is "guilty of a public offense, punishable by" fine and/or imprisonment.  *See* Cal. Bus. & Prof.

United States District Court
Northern District of California

10

1    Code § 2052(a).  Section 2052 further provides: "Any person who conspires with or aids or abets

2    another to commit any act described in subdivision (a) is guilty of a public offense, subject to the

3    punishment described in that subdivision."  *See* Cal. Bus. & Prof. Code § 2052(b).  Section 2052,

4    by its terms, is a criminal statute setting forth no private right of action.  Accordingly, to the extent

5    Plaintiff seeks to hold Defendants accountable for violating section 2052, he must rely on common

6    law.  *See* Cal. Bus. & Prof. Code § 2052(c) ("The remedy provided in [§ 2052] shall not preclude

7    any other remedy provided by law.").   The Court therefore DISMISSES Plaintiff's Cal. Bus. &

8    Prof. Code § 2052 claim with prejudice.

9            **f.**      **Cal. Bus. & Prof. Code § 17200 claim**

10        Plaintiff alleges that Defendants' "acts and practices" violated section 17200 of the

11    California Business and Professions Code, also known as the Unfair Competition Law ("UCL").

12    Docket No. 1 at 16.  In relevant part, the UCL prohibits "unlawful, unfair, or fraudulent business

13    act[s] or practice[s] . . . ."  Cal. Bus. & Prof. Code § 17200.  "The UCL's purpose is to protect both

14    consumers and competitors by promoting fair competition in commercial markets for goods and

15    services."  *Kasky v. Nike, Inc.*, 45 P.3d 243, 249 (Cal. 2002).  In providing Plaintiff with

16    healthcare services, Defendants were not providing services for a commercial market.

17    Defendants' alleged unlawful or fraudulent acts are therefore neither business acts nor business

18    practices.  The Court therefore DISMISSES Plaintiff's Cal. Bus. & Prof. Code § 17200 claim with

19    prejudice.

20            **g.**      **Cal. Penal Code § 1170 claim**

21        Plaintiff alleges that Defendants' "acts and practices" violated section 1170 of the

22    California Penal Code.  Docket No. 1 at 16.  Section 1170 requires determinate sentences for

23    crimes and sets forth how to calculate a determinate sentence.  *See generally* Cal. Penal Code §

24    1170.  The events described by Plaintiff – failed meniscectomies, inadequate health care,

25    unlicensed medical professionals, and failure to obtain informed consent – are completely

26    unrelated to the validity of, or length of, his sentence.  The Court therefore DISMISSES Plaintiff's

27    Cal. Penal Code § 1170 claim with prejudice.  *See Dumas*, 90 F.3d at 393 (dismissal may be

28    ordered with prejudice where amendment would be futile).

### h.     Fraudulent concealment

Plaintiff alleges that Defendants engaged in fraudulent concealment when they represented themselves as licensed and legally authorized to provide healthcare services because Plaintiff reasonably relied on this representation in agreeing to the surgery and Plaintiff became disabled as a result of his reliance.  Docket No. 1 at 14–16.  "The required elements for fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." *Graham v. Bank of Am., N.A.*, 172 Cal. Rptr. 3d 218, 228 (Cal. Ct. App. 2014).

Plaintiff's allegations fail to state a cognizable fraudulent concealment claim for the following reasons.  First, Plaintiff fails to specify which Defendants or healthcare providers were unlicensed, unqualified, or otherwise incompetent to provide healthcare services.  If Dr. Zewart and Dr. Lewis were not licensed, qualified, or competent to perform the knee surgeries, this would be a fact material to Plaintiff's knee surgeries.  However, if the remaining defendants were not licensed, qualified and competent to provide healthcare services, this would not be material to Plaintiff's knee surgery which Plaintiff alleges is the cause of this disability and chronic pain.  Second, Plaintiff's allegations do not support a reasonable inference that Defendants represented themselves as licensed and legally authorized to provide healthcare services in order to induce Plaintiff to agree to the surgery.  "It is not enough that the misstatement (or concealment) actually harmed the plaintiff; it must have been made by the defendant with the intent to induce action (or inaction) by the plaintiff." *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 76 Cal. Rptr. 3d 325, 333 (Cal. Ct. App. 2008).  Because it appears possible that Plaintiff may be able to correct these deficiencies, the Court DISMISSES the fraudulent concealment claim with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### i.     Medical negligence claim

Liberally construed, Plaintiff's allegations state a claim against Dr. Zewart and Dr. Lewis

United States District Court
Northern District of California

12

for medical negligence for failure to obtain Plaintiff's informed consent to the knee surgeries. *Cobbs v. Grant*, 8 Cal.3d 229, 245 (Cal. 1972) (elements of negligence claim arising from physician's failure to obtain informed consent are: (1) performance of medical procedure on plaintiff; (2) plaintiff did not give informed consent; (3) reasonable person would not have consented to medical procedure if he had been fully informed of the results and risks of the medical procedure; and (4) plaintiff was harmed by result or risk that should have been explained before the medical procedure was performed).  However, Plaintiff has not stated a medical negligence claim against the remaining defendants because the remaining defendants had no direct involvement in the surgery.

### CONCLUSION

For the foregoing reasons, the Court DISMISSES with prejudice the following claims: Plaintiff's First Amendment claim; Sixth Amendment claim; California UCC claim; Cal. Civil Proc. §§ 905, 910; battery claim; Cal. Bus. & Prof. Code § 2052 claim; Cal. Bus. & Prof. Code § 17200 claim; and Cal. Penal Code § 1170 claim.  The remainder of the complaint is DISMISSED with leave to amend to address the deficiencies identified above.

Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order, Case No. C 16-04489 MEJ (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims which the Court has found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

1

**IT IS SO ORDERED.**

2

3    Dated:   December 1, 2016

4    _____

5    MARIA-ELENA JAMES
     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California