UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR RIVERA,<br><br>    Plaintiff,<br><br>  v.<br><br>T. ZEWART, et al.,<br><br>    Defendants. | Case No. 16-cv-04489-MEJ<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed his complaint with leave to amend. Dkt. No. 6. His amended complaint (Dkt. No. 9) is now before the Court for review under 28 U.S.C. § 1915A.

## ANALYSIS

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

The complaint makes the following allegations.

On July 8, 2011, named defendant Dr. Thomas Zewart performed an arthroscopic meniscectomy on Plaintiff's right medial meniscus which failed because it was "not adequately performed at the prevailing medical standards" because Dr. Zewart was hampered by economic restrictions. Dkt. No. 9 at 8, 10.

On February 4, 2015, named defendant Dr. Marshall Lewis performed a second arthroscopic meniscectomy on Plaintiff's right medial meniscus, "which was done below the professional norm" because Dr. Lewis was hampered by economic restrictions. Dkt. No. 9 at 8, 10. The failure to adequately perform this second arthroscopic meniscectomy exacerbated Plaintiff's pain and suffering. *Id.*

On May 20, 2015, named defendant Dr. Tuvera met with Plaintiff in response to his complaint of severe pain in his right knee which Plaintiff attributed to his failed February 2015 arthroscopic meniscectomy. Dkt. No. 9 at 17–18. Despite Plaintiff's complaints, Dr. Tuvera never examined Plaintiff's right knee; declared that Plaintiff was not in pain; and denied Plaintiff further healthcare. *Id.*

On May 26, 2015, Plaintiff filed a grievance regarding Dr. Tuvera's failure to treat him on

May 20, 2015, which was assigned the number HC-15-05392. Dkt. No. 9 at 18. Dr. Tuvera denied Plaintiff's grievance to cover up his negligence. *Id.* Named defendant Dr. Gamboa contributed to Plaintiff's pain and suffering by affirming Dr. Tuvera's denial. *Id.* Named defendant Dr. Kumar intentionally contributed to the denial of adequate medical care by affirming Dr. Tuvera and Dr. Gamboa's denial of Plaintiff's grievance, in violation of Plaintiff's due process rights. *Id.* Named defendant J. Lewis contributed to the denial of adequate medical care and pain management by affirming Dr. Tuvera's, Dr. Gamboa's, and Dr. Kumar's denial of Plaintiff's grievance, in violation of Plaintiff's due process rights.

Plaintiff also alleges generally that defendants Bourne, Birdsong, Law San Fu, Lott, Tuvera, Gamboa, and Kumar failed to provide Plaintiff with adequate medical care and were deliberately indifferent. Dkt. No. 9 at 8–9. Plaintiff further alleges that, as Deputy Director of Policy and Risk Management, Defendant J. Lewis is required to properly execute prison regulations, and Deputy Director Lewis failed to properly execute prison regulations, thereby denying Plaintiff adequate health care and pain management. *Id.* at 9. Plaintiff also alleges that he, and other prisoners, receive medical care that is lesser in quality than the medical care received by non-inmates. *Id.* at 10–11, 15.

Plaintiff also names the following correctional officials as defendants: CDCR Secretary of Operations J.A. Beard; Steven Kernan; J. Solis; SVSP Warden and SVSP Medical Committee member R.T.C. Grounds; SVSP Warden and SVSP Medical Committee member W. L. Muniz; and Does 1–50.[1] Dkt. No. 9 at 9. Plaintiff alleges that defendants Grounds, Muniz and Beard are responsible for enforcing prison regulations and ensuring that prison employees adhere to prison regulations. *Id.* at 9.

**C. DISCUSSION**

**1. Defendants Beard, Grounds, and Muniz**

With respect to named defendants SVSP Warden Grounds, SVSP Warden Muniz, and

---

[1] Plaintiff also lists an S. Marshall as a defendant. Because there are no allegations regarding an S. Marshall in the amended complaint, the Court presumes that Plaintiff was referring to Dr. Marshall S. Lewis, who performed the second meniscectomy.

3

CDCR Secretary Beard, Plaintiff's claim against these defendants fails for the same reason as noted in the initial screening order. In the initial screening order, the claims against SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard were dismissed because Plaintiff sought to hold them liable under a theory of supervisory liability. Dkt. No. 6 at 6–7.

In the amended complaint, Plaintiff alleges that SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard are liable under § 1983 for the following reasons: (1) SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard are responsible for enforcing prison regulations and ensuring that prison employees adhere to prison regulations, and that their failure to do so resulted in inadequate medical care, Dkt. No. 9 at 9; (2) as members of SVSP's Medical Committee, SVSP Warden Grounds and SVSP Warden Muniz review medical decisions and have "final say on health care policy, procedure, practice, and the authorization of treatment," and, in this context, contributed to the inadequate medical care received by Plaintiff, *id.* at 12; and (3) SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard creating a grievance system that does not provide a remedy, in violation of the Fourteenth Amendment, when they received grievances and letters from Plaintiff and from the Prison Law Office, but returned these grievances to the SVSP medical personnel named in the grievances and letters without instructing the named SVSP medical personnel how to address Plaintiff's concerns. Plaintiff's first two arguments seek to again hold SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard liable in their capacity as supervisors and therefore do not state § 1983 liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, as discussed in the earlier screening order, a supervisor may be liable for a subordinate's actions in certain specific circumstances. To state a claim for relief under §1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that (1) each of these supervisory defendants proximately caused the deprivation of rights of which Plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); or (2) each of these

4

supervisory defendants failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which each of the supervisory defendants was responsible, *see id.*; or (4) each of the supervisory defendants knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. Because it appears possible that Plaintiff may be able to correct the identified deficiency, the Court will grant Plaintiff another opportunity to plead this claim, and DISMISSES this particular Eighth Amendment claim against SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (if court determines pleading could be cured by allegation of other facts, *pro se* litigant entitled to opportunity to amend complaint before dismissal of action).

Liberally construed, Plaintiff's third argument alleges a violation of both the Eighth Amendment and the Fourteenth Amendment.

To the extent that Plaintiff argues that SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard violated his Eighth Amendment rights when they knowingly failing to respond to his requests (grievances and letters) for medical treatment, this potentially states an Eighth Amendment claim. Prisoner administrators are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help. *See Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). However, Plaintiff's allegations do not state a cognizable Eighth Amendment claim. His allegations are vague and speculative, and are contradicted by the exhibits attached to the amended complaint. There is nothing in the grievances or the correspondence from the Prison Law Office which are attached to the amended complaint that indicate that SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard received or reviewed these documents. The grievance was responded to by Dr. Tuvera, Dr. Gamboa, Dr. Kumar, and Deputy Director J. Lewis. Dkt. No. 9-1 at 5 and 7; Dkt. No. 9-2 at 2–3. California Correctional Health Care Services official J. Lewis responded to the Prison Law Office letter and sent a copy to Dr. Kumar. Dkt. No. 9-2 at 7–8. Plaintiff does not specify what other letters or grievances were

5

received or reviewed by SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard; when he sent those letters or grievances; and what the content of said letters or grievances were. Moreover, Plaintiff acknowledges that he currently does not know specific facts supporting such claims, and states that he intends to ascertain these facts through discovery. Dkt. No. 9 at 12 ("Plaintiff via discovery will precisely link J.A. Beard, R.T.C. Grounds, and W.L. Muniz respectively their personal and professional knowledge of the violative actions that were being perpetrated against Plaintiff and having this knowledge FAILED (sic) to stop the violative action, and failed to prevent any further violative actions against Plaintiff"). While the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . [A complaint does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Plaintiff's conclusory allegations regarding SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard's response to his grievances and letters fail to state a cognizable Eighth Amendment claim against these defendants. Because it appears possible that Plaintiff may be able to correct the identified deficiency, the Court DISMISSES the Eighth Amendment claim against SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

However, to the extent that Plaintiff alleges that SVSP Warden Grounds, SVSP Warden Muniz, and CDCR Secretary Beard's actions in reviewing his grievances and letters violated his due process rights by creating a grievance system that does not provide a remedy, this claim is DISMISSED with prejudice. Due process claims based on the denial of, or interference with, a prisoner's access to a prison grievance system are not cognizable. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (inmates have "no legitimate claim of entitlement to a grievance procedure"); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (alleged constitutional violation in the processing of inmate's appeals insufficient to state a claim).

**2. Defendants Steven Kernan and J. Solis**

Plaintiff has again named Steven Kernan and J. Solis as defendants. Dkt. No. 9 at 6–7. In

its original screening order, the Court dismissed the claims against these defendants because the original complaint did not identify any affirmative act, participation in an affirmative act, or failure to perform a legally required act by these defendants that resulted in the deprivation of Plaintiff's constitutional rights. Dkt. No. 6 at 8. Plaintiff has failed to correct this deficiency in the amended complaint. He has made no allegations regarding Steven Kernan and J. Solis. Accordingly, Plaintiff has failed to state a cognizable § 1983 claim against Steven Kernan and J. Solis. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (person "subjects" another to deprivation of constitutional right, within the meaning of § 1983, if he does affirmative act, participates in another's affirmative act, or omits to perform act which he is legally required to do that causes deprivation of which complaint is made). Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will grant Plaintiff another opportunity to plead this claim, and DISMISSES the Eighth Amendment claim against Steven Kernan and J. Solis with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### 3. Defendants Birdsong, Lott, and Law San Fu

Plaintiff has again named Dr. Birdsong; and SVSP Healthcare Providers Lott and Law San Fu as defendants. In its original screening order, the Court dismissed the claims against these defendants because the allegations against these defendants in the original complaint were conclusory. Dkt. No. 6 at 7–8. The amended complaint does not correct this deficiency. The only allegation against these defendants in the amended complaint is that these defendants denied Plaintiff "adequate medical treatment at the prevailing professional norms and with deliberate indifference, despite medical evidence of Plaintiff's chronic pain" and denied him "treatment and pain management." Docket No. 9 at 14. As discussed above, while Rule 8 does not require detailed factual allegations, a complaint is insufficient if, as is the case here, it offers only a naked assertion devoid of further factual enhancement. *Ashcroft*, 556 U.S. at 678. It is unclear when defendants Birdsong, Lott and San Fu treated Plaintiff or how they denied him adequate medical treatment. Plaintiff's conclusory allegations regarding defendants Birdsong, Lott and San Fu are insufficient to allege a cognizable Eighth Amendment claim against these defendants. However, because it appears possible that Plaintiff may be able to correct this deficiency, the Court will

7

grant Plaintiff another opportunity to plead this claim, and DISMISSES the Eighth Amendment claim against defendants Birdsong, Lott and San Fu with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### 4. Does 1–50

Plaintiff has named Does 1–50 as defendants.[2] Because the use of Doe defendants is not favored in the Ninth Circuit, s*ee Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), the Doe defendants will be dismissed without prejudice. Should Plaintiff succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint. *See id.*

### 5. Eighth Amendment Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if she or he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he or she "must also draw the inference." *Id.* "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez*, 203 F.3d at 1131 (citation omitted); *see Farmer*, 511 U.S. at 835–36 & n.4 (recognizing that neither negligence nor gross negligence will constitute deliberate indifference).

#### a. Drs. Zewart and Lewis

Liberally construing the complaint, Plaintiff's allegation that he required knee surgery states a serious medical need. However, with respect to Dr. Zewart and Dr. Lewis, the amended

---

[2] The Court notes that despite naming Doe defendants, Plaintiff has not made any factual allegations regarding the Doe defendants' actions or non-actions that caused the alleged constitutional violation.

8

complaint, at most, alleges negligence.  The amended complaint alleges that Dr. Zewart and Dr. Lewis took steps to address Plaintiff's knee pain in that they performed meniscectomies in 2011 and 2015.  Plaintiff alleges that the meniscectomies states failed because there is a disparity in the healthcare treatment received by inmates in comparison to non-inmates, and that this disparity resulted in Drs. Zewart and Lewis "not adequately perform[ing the meniscectomies] at the prevailing medical standards" and providing negligent healthcare.  As discussed above, mere negligence in treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.  *Lopez*, 203 F.3d at 1131; *see also Estelle*, 429 U.S. at 106 (negligence in treating medical condition does not state valid Eighth Amendment claim).  Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will grant Plaintiff another opportunity to plead this claim and again DISMISSES the Eighth Amendment claims against Dr. Zewart and Dr. Lewis with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### b. Dr. Tuvera

Plaintiff's allegations regarding Dr. Tuvera do not state a cognizable Eighth Amendment claim because his allegations are either vague and speculative, or his allegations are contradicted by the exhibits attached to the amended complaint.  Plaintiff alleges that Dr. Tuvera was deliberately indifferent to his serious medical needs when, on May 20, 2015, Dr. Tuvera when Dr. Tuvera concluded that Plaintiff was not in pain without conducting the necessary physical examination.  Dkt. No. 9 at 17–18.  However, the attachment to the amended complaint indicates that Dr. Tuvera did take reasonable steps to address Plaintiff's complaints, even if he did not physically examine the knee.  The grievance response notes that Dr. Tuvera referred Plaintiff back to Dr. Lewis on telemedicine, had Plaintiff continue physical therapy, and noted that Plaintiff was on 5 mg of methadone twice a day to address his pain.  Dkt. No. 9-1 at 5.  To state an Eighth Amendment deliberate indifference claim, a prisoner must assert facts that plausibly allege that the prison official knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  "[A] mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference."

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). In other words, Dr. Tuvera's decision to not examine the right knee and to instead prescribe other treatment does not, by itself, state a cognizable Eighth Amendment claim. Plaintiff also makes the general allegation that Dr. Tuvera

> participated in denying Plaintiff adequate medical treatment at the prevailing professional norms and with deliberate indifference, despite medical evidence of Plaintiff's chronic pain[, thereby denying] Plaintiff treatment and pain management.

Dkt. No. 9 at 14. As discussed above, while Rule 8 does not require detailed factual allegations, a complaint is insufficient if, as is the case here, it offers a naked assertion devoid of further factual enhancement. *Ashcroft*, 556 U.S. at 678. It is unclear how Dr. Tuvera denied Plaintiff adequate medical treatment outside of the failure to examine Plaintiff's right knee. However, because it appears possible that Plaintiff may be able to correct these deficiencies, the Court will DISMISS the Eighth Amendment claim against Dr. Tuvera with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### c. Dr. Bourne

Plaintiff's vague allegations regarding Dr. Bourne do not state a cognizable Eighth Amendment claim. Plaintiff's only allegation against Dr. Bourne is that Dr. Bourne

> participated in denying Plaintiff adequate medical treatment at the prevailing professional norms and with deliberate indifference, despite medical evidence of Plaintiff's chronic pain[, thereby denying] Plaintiff treatment and pain management.

Dkt. No. 9 at 14. As discussed above, while Rule 8 does not require detailed factual allegations, a complaint is insufficient if, as is the case here, it offers a naked assertion devoid of further factual enhancement. *Ashcroft*, 556 U.S. at 678. It is unclear when Dr. Bourne treated Plaintiff, for what health issues, and why the treatment violated the Eighth Amendment. In an attachment to the complaint, Plaintiff expresses dissatisfaction with Dr. Bourne's treatment of him during a July 31, 2015 examination. However, Plaintiff must address each element of his claim within the complaint. The Court is not required to search exhibits in an effort to deduce Plaintiff's claims. Because it appears possible that Plaintiff may be able to correct the above deficiency, the Court will DISMISS the Eighth Amendment claim against Dr. Bourne with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

//

#### d. Defendants Gamboa, Kumar, and Lewis

Plaintiff has named SVSP Chief Physician and Surgeon Dr. Gamboa, SVSP Chief Medical Executive Kumar, and Deputy Director Lewis as defendants for their roles in denying grievance HC-15-053292. The prison grievance procedure does not confer any substantive rights upon inmates. *Mann*, 855 F.2d at 640. Generally, actions in reviewing and denying inmate appeals cannot serve as a basis for liability under § 1983. *Ramirez*, 334 F.3d at 860. However, where a grievance puts a prison official on notice of an ongoing constitutional violation, the prison official's knowing failure to respond to an inmate's request for help may establish § 1983 liability. *Jett*, 439 F.3d at 1098 (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help). Liberally construed, Plaintiff's allegation that his grievance made Dr. Gamboa, Chief Medical Executive Kumar, and Deputy Director Lewis aware of his ongoing knee pain, and they failed to respond to his request for help states a cognizable Eighth Amendment claim against Dr. Gamboa, Chief Medical Executive Kumar, and Deputy Director Lewis.

### 6. Fourteenth Amendment Claim

Plaintiff argues that SVSP inmates receive a lesser standard of care than non-inmates. This allegation fails to state a Fourteenth Amendment equal protection claim. Where a prisoner alleges that he is being treated differently from non-prisoners, other circuits have found no equal protection claim as there is a "fundamental difference between normal society and prison society," *Glouser v. Parratt*, 605 F.2d 419, 420 (8th Cir. 1979) (citing *Meyers v. Alldredge*, 429 F.2d 296, 310 (3d Cir. 1974)), and rules designed to govern those functioning in a free society cannot be automatically applied to the very different situation presented in a state prison, *id*. (citing *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974), for proposition that full panoply of rights due a defendant in criminal proceedings do not apply to prison disciplinary proceedings). Prisoners and non-prisoners simply are not similarly situated. *Hrbek v. Farrier*, 787 F.2d 414, 417 (8th Cir. 1986). Because amendment would be futile, the Court DISMISSES Plaintiff's Fourteenth Amendment equal protection with prejudice. *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

11

### 7. 42 U.S.C. § 1985(3) Claim

Plaintiff has again failed to state a cognizable conspiracy claim under 42 U.S.C. § 1985(3). Section 1985(3) prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law. A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination, *see Kush v. Rutledge*, 460 U.S. 719, 724–26 (1983), which Plaintiff does not allege. In the original screening order, the Court dismissed because Plaintiff had not alleged racial or class-based discrimination. Dkt. No. 6 at 9. In the amended complaint, Plaintiff alleges that the medical care provided by SVSP is of a lesser quality than that provided to non-inmates. However, the "class" of state prisoners is not protected under § 1985(3). *Nakao v. Rushen*, 542 F. Supp. 856, 859 (N.D. Cal. 1982) (class of "state prisoners" not protected under section 1985(3) because there has been no congressional determination that it requires special federal civil rights assistance, and because it does not possess "discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex"). Because amendment would be futile, the Court DISMISSES Plaintiff's Section 1985(3) with prejudice. *Plumeau*, 130 F.3d at 439.

### 8. Fraudulent Concealment Claim

Plaintiff alleges that Defendants engaged in fraudulent concealment because they employed a doctor whose medical license had been suspended, Dr. Birdsong. "The required elements for fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." *Graham v. Bank of Am., N.A.*, 172 Cal. Rptr. 3d 218, 228 (Cal. Ct. App. 2014). Plaintiff's allegations fail to state a cognizable fraudulent concealment claim because Plaintiff does not allege how he was damaged by Dr. Birdsong's licensing status, and what action (or inaction) Plaintiff took because he was unaware that Dr. Birdsong was unlicensed. Plaintiff does not identify any specific medical treatment administered by Dr. Birdsong, or any interactions with

Dr. Birdsong. His only allegation regarding Dr. Birdsong is that Dr. Birdsong and other defendants

> participated in denying Plaintiff adequate medical treatment at the prevailing professional norms and with deliberate indifference, despite medical evidence of Plaintiff's chronic pain[, thereby denying] Plaintiff treatment and pain management.

Dkt. No. 9 at 14. These speculative and conclusory allegations are insufficient to allege a claim for fraudulent concealment. Because it appears possible that Plaintiff may be able to correct these deficiencies, the Court DISMISSES the fraudulent concealment claim with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### 9. Standard of Care Claim

Plaintiff alleges that Drs. Lewis, Zewart, Bourne, and Tuvera provided medical services that deviated from the standard of care. Dkt. No. 9 at 15–16. "The elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Cal. Ct. App. 2006). Liberally construed, Plaintiff has stated a cognizable claim for medical malpractice against Dr. Zewart and Dr. Lewis with respect to the alleged failure of the meniscectomies.

However, Plaintiff has failed to state cognizable claim for medical malpractice against Dr. Tuvera and Dr. Bourne because he has failed to identify how Dr. Tuvera and Dr. Bourne breached their duty to him, and how he was injured by such breach. As discussed above, Plaintiff alleges that Dr. Tuvera did not examine his right knee on May 20, 2015, but the attachment to the complaint indicates that Dr. Tuvera provided other medical treatment. It is unclear how the failure to examine the right knee led to injury, and it is unclear what injury Plaintiff is referring to. There are no allegations regarding Dr. Bourne in the body of the complaint other than the general and conclusory allegation that Dr. Bourne denied Plaintiff adequate medical treatment at the prevailing professional norms. Because it appears possible that Plaintiff may be able to correct these deficiencies, the Court DISMISSES the standard of care claims against Dr. Tuvera and Dr. Bourne with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### 10. Medical Negligence Claim

Plaintiff also alleges that all defendants, with the exception of Drs. Lewis and Zewart, engaged in medical negligence

> in that the actions and/or actions they did not take prior to the actual two (2) surgeries, between the two (2) surgeries, and after each surgery where FROUGHT (sic) with delayed diagnosis, misdiagnosis, delayed treatment and dificient (sic) pain management below the professional norms for Plaintiff's injury.

Dkt. No. 9 at 17. "To establish a claim for medical negligence in California, plaintiffs must prove all the following elements: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (Cal. Ct. App. 1999)

Plaintiff cannot state a medical negligence claim against defendants SVSP Warden Grounds, SVSP Warden Muniz, CDCR Secretary Beard, Deputy Director Lewis because they are not medical professionals. The medical negligence claim against defendants SVSP Warden Grounds, SVSP Warden Muniz, CDCR Secretary Beard, Deputy Director Lewis is therefore DISMISSED with prejudice.

Plaintiff has also failed to state a medical negligence claim against defendants Steven Kernan and J. Solis because, as discussed above, he has made no allegations against Steven Kernan and J. Solis. Plaintiff has also failed to state a medical negligence claim against the remaining defendants — Dr. Gamboa, Dr. Tuvera, Dr. Bourne, Dr. San Fu, Dr. Birdsong, Dr. Lott, and Chief Medical Executive Kumar — because his allegations are simply too vague and conclusory to understand how and when these defendants, were medically negligent. Because it appears possible that Plaintiff may be able to correct these deficiencies, the Court DISMISSES the medical malpractice claim against Steven Kernan, J. Solis, Dr. Gamboa, Dr. Tuvera, Dr. Bourne, Dr. San Fu, Dr. Birdsong, Dr. Lott, and Chief Medical Executive Kumar with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

//

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES with prejudice the following claims: Plaintiff's Fourteenth Amendment claims and his 42 U.S.C. § 1985(3) claim. The remainder of the complaint is DISMISSED with leave to amend to address the deficiencies identified above.

Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 16-04489 MEJ (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims which the Court has found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: June 20, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

15